774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert McKenzie, Charles Scott, Larry Carnes, Jeffrey
Funston, James Penick, David Harrison, Douglas
Couch, Plaintiffs-Appellees,
v.
Dewey Sowders, Defendant-Appellant.
 No. 84-5155
 United States Court of Appeals, Sixth Circuit.
 9/5/85
 
 W.D.Ky.
 AFFIRMED
 On Appeal from the United States District Court for the Western District of Kentucky
 Before: ENGEL and KRUPANSKY, Circuit Judges; and GIBBONS,* District Judge.
 PER CURIAM.
 
 
 1
 On or about September 1, 1978, violence erupted in the Campbell County Jail, Campbell County, Kentucky. After an ex parte hearing, the Chief Judge of the Campbell County Circuit Court directed the transfer of twenty-seven jail inmates to temporary safekeeping at the Kentucky State Reformatory in LaGrange, Kentucky, where appellant Dewey Sowders was then superintendent. At the request of the Circuit Judge, Kentucky Governor Julian M. Carroll on the same day entered an executive order transferring the prisoners to the Kentucky State Reformatory and directing Superintendent Sowders to take custody of the approximately twenty-seven prisoners, including plaintiffs here, pending further orders. The prisoners were accordingly transferred to LaGrange that same evening. They were received at the reformatory and placed immediately in segregation.
 
 
 2
 While there had been a hearing before the Campbell County Judge, it had been ex parte, and it is not disputed that no hearing was accorded any of the plaintiffs before they were placed in segregation at the Kentucky State Reformatory. This fact and other incidences which allegedly occurred upon their receipt at the reformatory formed the basis of a civil rights action against Sowders and others. That action was brought to trial, and on November 30, 1983, a jury in the United States District Court for the Western District of Kentucky returned a verdict awarding one dollar ($1.00) damages each in favor of five of the seven plaintiffs and against Sowders. Sowders appeals, but none of the plaintiffs has cross-appealed.
 
 
 3
 In this appeal before us, Sowders has raised the same claims of error that were incorporated in his motion in the district court for a judgment notwithstanding the verdict. He argues that the court erred in instructing the jury concerning the plaintiffs' rights to a hearing before being restricted to disciplinary segregation, that the court erred by omitting to instruct the jury that Sowders was entitled to a 'good-faith' defense of the plaintiffs' claims, and that there was generally an absence of evidence to support the jury verdict.
 
 
 4
 There is little doubt from the record that appellant Sowders was placed in a difficult position when he was called upon to receive a large number of prisoners on very short notice. Moreover, the order transferring the prisoners indicated that they may have participated in violence and other unlawful activities at the Campbell County Jail from which they were being transferred. Sowders claims he was denied his proper request for a jury instruction concerning qualified immunity. Yet, it appears that the trial judge instructed the jury that Sowders could not be found liable for having placed the men in segregation without a hearing if he in good faith relied upon the authority of Governor Carroll's orders and if he concluded from that order that such a hearing was not necessary. The proof, however, went to other allegations, which were not so easily resolved, and upon a review of the record, we conclude that the trial judge properly submitted those issues to the jury. It is apparent from the verdict that the jury concluded that Sowders was guilty of some violation of the several constitutional rights which plaintiffs claimed were offended by the appellant's conduct upon their receipt at the reformatory. At the same time, because they awarded only nominal damages, it is equally apparent that the jury had some sympathy for the dilemma faced by the superintendent or, at least, that the jury was not impressed that any substantial injury had resulted.
 
 
 5
 Upon consideration of the record as a whole, we are not convinced that such error in the trial court proceedings has been demonstrated as to warrant a reversal of the judgment and a remand for either dismissal or a new trial. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Julia S. Gibbons, United States District Court Judge for the Western District of Tennessee, sitting by designation